### NEW MAINE NATIONAL BANK, Plaintiff,

### Federal Deposit Insurance Corporation, Counterclaim Defendant,

#### v.

### Norman S. REEF and Robert L.S. McClure, III, Defendants.

### Civ. No. 91–0044–P.

United States District Court, D. Maine.

May 31, 1991.

Thomas A. Cox, Michael K. Martin, Petrucelli, Cox & Martin, Portland, Me., for plaintiff.

Allen Hrycay, Reef, Jordan, Hrycay & Sears, Portland, Me., for defendants.

## MEMORANDUM OF DECISION AND ORDER ON DEFENDANTS' RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE OF MARCH 8, 1991 (Docket No. 7)

GENE CARTER, Chief Judge.

This matter is now before the Court on the Court's review of Defendant's Response (Docket No. 9), filed on March 27, 1991, to this Court's Order to Show Cause (Docket No. 7), entered herein on March 8, 1991. In their Response, Defendants take the position that the counterclaim should not be dismissed without prejudice pursuant to the provisions of 12 U.S.C. section 1821(d) [1] pending exhaustion of the procedure for claims resolution by the FDIC, as that is established by 12 U.S.C. sections 1821(d)(3) and (5) and the regulations promulgated under 12 U.S.C. sections 1821(d)(4) for the reason that this Court is not without jurisdiction over the counterclaim because the claim was commenced and pending in court prior to the appointment of the FDIC as Receiver. Defendants' Response to Order to Show Cause (Docket No. 9) at 2. This position is amplified by the assertion that

> The provisions of 18 *[sic]* *U.S.C.* section 1821(d)(13)(D) are not applicable to actions which were pending in Court prior to the appointment of the FDIC because such actions are governed by other provision[s] of that subsection. 12 *U.S.C.* section 1821(d)(6)(A) clearly refers to the continuation of action commenced before the appointment of the receiver and 12 *U.S.C.* section 1821(d)(12)(A) & (B) clearly provides that upon the application for a stay by the FDIC this Court must grant the stay as to all parties.

*Id.* Accordingly, Defendants argue that the Court is not presently without jurisdiction over the counterclaim pursuant to the provisions of 12 U.S.C. section 1821(d)(13)(D) of the Act and that it may not, therefore, dismiss the counterclaim without prejudice pending exhaustion of

---

**1.** The reference is to a section of the Financial Institutions Reform, Recovery and Enforcement Act of 1989, consisting of sections scattered throughout Title 12 of United States Code, but consisting mainly, for present purposes, of sections 1812 *et seq.* and specifically of section 1821(d). The Court sometimes hereinafter refers to the statute as "FIRREA" and "the Act."

the administrative claims process mandated by FIRREA. Defendants' construction of the statutory provisions is wholly in error; therefore, the predicate for its argument that the Court maintains substantive jurisdiction over the counterclaim in this case is without merit.[2]

First of all, the provisions of sections 1821(d)(13)(D)(i) and (ii) make it clear that the Court is without substantive jurisdiction over any claim or action of the type put forth in the counterclaim herein. The statute provides:

**(D) Limitation on judicial review**

Except as otherwise provided in this subsection, no court shall have jurisdiction over—

(i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the Corporation has been appointed receiver, including assets which the Corporation may acquire from itself as such receiver; or

(ii) any claim relating to any act or omission of such institution or the Corporation as receiver.

No provision is made in subsection (13) of section 1821(d) that would place the counterclaim within the exception referred to in the first phrase of subsection (D). Further, Defendants' argument that somehow section 1821(d)(6)(A) or section 1821(d)(12)(A) and (B) apply to place the counterclaim herein in a category of claims excepted from the clear operation of the language of subsection (D) is without merit.

First of all, section 1821(d)(6)(A) relates to the statutory grant of a right to a claimant against the FDIC or the receiver bank to request either administrative review or judicial review by filing a suit on such claim *after* the expiration of the period for the administrative processing of the claim by the FDIC. Clearly, no jurisdiction is conferred *upon the Court* by the filing of any claim for administrative review. It is equally clear that no jurisdiction exists in the court with respect to a claim for judicial determination of a claim subject to the administrative claims process *until the specified "suit on such claim" has been filed with the court.*

The parenthetical phrase in subsection (6) "(or continue an action commenced before the appointment of the receiver)" can apply only where there has been some administrative action of the court in the particular procedural posture of a matter commenced prior to the appointment of the receiver which leaves the action pending for administrative purposes.[3] However, it is clear that, pursuant to the provisions of section 1821(d)(13)(D), "no court shall have jurisdiction over any claim or action" within subsections (i) and (ii) of that statutory language. Thus, there is no basis in this case for the Court to continue to exercise sub-

---

**2.** The Court passes without deciding the question of whether, if the Court had substantive jurisdiction over the counterclaim, that would *require* that the Court not dismiss the counterclaim.

**3.** The Court has previously interpreted this parenthetical phrase to authorize the Court to administratively manage a claim within section 1821(d)(13)(D) on its docket by, in the exercise of its discretion, assigning and transferring the claim to a Suspense Docket for FIRREA Cases. *See Fleet Bank of Maine v. The Great Maine Lobster Co., Inc., et al.,* Civ. No. 91–00080–P, Procedural Order of 4/30/91, and *Cutler v. FDIC,* Civ. No. 91–0073–P, 1991 WL 134807, Memorandum of Decision of 4/29/91. The Court has articulated on a nonexclusive basis in these and other cases the standards and factors by which the Court exercises its discretion in determining whether claims within section 1821(d)(13)(D) should be dismissed without

prejudice pending exhaustion of the administrative claims process mandated by the Act or simply be administratively assigned to the Court's Suspense Docket.

Defendants have not, in responding to the Court's Order to Show Cause, in any way invoked the Court's discretionary authority in this respect or laid any factual predicate for its exercise in this case. Rather, they have elected to stake all on the viability of their contention that the Court *cannot* here dismiss a section 1821(d)(13)(D) claim without prejudice since the Court continues to have jurisdiction over their particular counterclaim because it was filed before the receivership occurred. It is demonstrated in the text that this postulate is in error. Thus, the Court decides only the issues generated by the parties, and Defendants fall with the demise of their invalid legal position.

stantive jurisdiction over the counterclaim pursuant to section 1821(d)(6)(A).

■ Next, the argument that somehow sections 1821(d)(12)(A) and (B) save the jurisdiction of this Court over the counterclaim herein by requiring the Court to grant a request for a stay made by the FDIC as Receiver as to claims within the scope of sections 1821(d)(13)(D)(i) and (ii) is without merit as a predicate to argue against dismissal of such claims without prejudice. Here, the FDIC's motion specifically states:

> The FEDERAL DEPOSIT INSURANCE CORPORATION ("FDIC"), as Receiver of MAINE NATIONAL BANK ("Bank") moves for a stay *only of the counterclaim* pursuant to 12 U.S.C. § 1821(d)(3), (5), (6), and (13)(D), such stay to remain in effect unless and until the claim against Bank has been presented to and disallowed by the FDIC as Receiver.

Motion of Counterclaim Defendant for a Stay of Proceedings, 2/5/91 (Docket No. 4) at 1 (emphasis in original). Further, the prayer for relief in the motion "moves that the *counterclaim* herein be stayed...." *Id.* at 2 (emphasis in original). This Court has consistently endorsed such motions by the FDIC made in all cases subject to the provisions of FIRREA as *"DENIED"* for lack of any jurisdiction in the Court.[4] The Court's theory in doing so is that if, "no court shall have jurisdiction over" the specified claims, this Court has no jurisdiction even to issue a stay of those claims under that provision of the Act. Accordingly, the stay provision created by sections 1821(d)(12)(A) and (B), which is specifically for discrete periods of duration, is intended to relate to claims as to which the Court is *not* divested of jurisdiction by section 1821(d)(13)(D) (*e.g.*, claims of the failed Bank or the FDIC as Receiver against other parties).

The clear purpose of such stays is to permit the FDIC, where it comes newly into an existing case or dispute, a *limited* period without court action, *at its own request,* so that it will not be jeopardized in its litigating position by unfamiliarity with, or lack of preparation for, the case which is not the result of any fault on the Receiver's part. The provision is not intended to be a basis to require an indefinite stay of proceedings by the Court over claims in a case as to which it has no substantive jurisdiction in any event. The Court's position is simply that the statutory language of sections 1821(d)(13)(D)(i) and (ii) divests the Court of substantive jurisdiction over claims of the specified nature pending the working out of the administrative claims process provided for by the statute or until the lapse of the designated time provided therefor.

Defendants' argument overlooks a very significant point, which is that the provisions of section 1821(d)(13)(D) divest the Court of jurisdiction over only two categories of claims: (1) "any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the corporation has been appointed receiver, including assets which the corporation may acquire from itself as such receiver" and (2) "any claim relating to any act or omission of such institution or the corporation as receiver." 12 U.S.C. §§ 1821(d)(13)(D)(i) and (ii). Nowhere does section 1821 divest the Court of jurisdiction over the claims of the failed Bank or of the FDIC as Receiver therefor in the litigation which is subject to removal pursuant to the FIRREA provisions. Thus, the Court retains jurisdiction over those principal claims of the Bank and the FDIC as Receiver and may act upon them in the ongoing course of the litigation subsequent to the impact of the stay provision of sections 1821(d)(12)(A) and (B). The stay provided for in section 1821(d)(12)(B) is, in the view of the Court as a matter of statutory construction, intended only to relate to claims as to which the Court is not divested of

---

**4.** The Court had not made its customary endorsement upon the Motion to Stay (Docket No. 4), but it has made that endorsement on 5/30/91.

jurisdiction by section 1821(d)(13)(D).[5] The Court may not take substantive action on any claim within in the two categories specified in sections 1821(d)(13)(D)(i) and (ii), all of which are claims against the Bank, the FDIC as Receiver, or the assets of the Bank or the FDIC, or which relate in any way to an act or omission of the Bank or the FDIC as Receiver. If the FDIC seeks a stay *of such a claim,* the Court is clear in its view of the intent of the statute as a matter of construction that it has no substantive jurisdiction to grant such a stay. In short, the FDIC's practice in applying for such stays is unnecessary and misguided.

Even if such a stay had been granted, it would not expressly or by implication of the statutory language impose any stay of the principal claim made by the FDIC as Receiver for the failed Bank. Hence these provisions, and the Court's actions pursuant to them, have, under the Act, no relevance whatever to resolution of the issue of whether claims within the scope of section 1821(d)(13)(D)(i) and (ii) should be dismissed without prejudice pending exhaustion of the administrative claims process mandated by the Act.

Thus, Defendants' argument that the Court has jurisdiction over the counterclaim herein fails on either of two grounds. First of all, the Court's action on the FDIC's motion to stay specifically the counterclaim does not expressly or implicitly stay proceedings *on the principal claim* in the action. Second, the statutory language of section 1821(d)(13)(D) expressly and clearly deprives the Court of substantive jurisdiction over the counterclaim herein. No other provision of the Act excepts the counterclaim from the operation of that provision. Plaintiff's arguments that the existence of the Court's jurisdiction over the counterclaim require that it not dismiss without prejudice the counterclaim pending exhaustion of the administrative claims process are not well taken in any event because that issue is not controlled under

the statute by whether substantive jurisdiction exists over the counterclaim.

Accordingly, the counterclaim herein of Defendants Norman S. Reef, Woodmere Street Trust, and Robert L.S. McClure, III is hereby DISMISSED without prejudice pursuant to the provisions of 12 U.S.C. section 1821(d)(13)(D) pending exhaustion of the procedure for claims resolution by the FDIC as established under the Act.

SO ORDERED.

---

**5.** Clearly, if a stay is sought by the FDIC only as to claims within sections 1821(d)(13)(D)(i) and (ii), then the Court is required by section 1821(d)(12)(B) only to grant a stay *as to all*

*parties in respect to those claims.* Even if the section 1821(d)(12) stay provision does apply to claims within subsection (13)(D), the Defendants' argument fares no better.