**Gene SIMMS, Simms–Vona Limited Partnership, Carlo Vona, Plaintiffs,**

v.

**George BIONDO, Perry Duryea, Jr., David Webb, Thomas Carusona, Toni DiLeo, Eastern Federal Savings and Loan Association, Resolution Trust Corporation as Receiver of Eastern Federal Savings and Loan Association, James Donelan, Defendants.**

**No. 90–CV–3184.**

United States District Court, E.D. New York.

Jan. 24, 1992.

Murphy Lynch & Limone, P.C., East Norwich, N.Y. (John H. Gionis, of counsel), for defendant Toni DiLeo.

Rivkin, Radler, Bayh, Hart & Kramer, Uniondale, N.Y. (Michael C. Marsh, of counsel), for defendant Resolution Trust Corp. as Receiver of Eastern, Federal Sav. and Loan Ass'n.

Thomas Carusona, pro se.

## MEMORANDUM–DECISION AND ORDER

BARTELS, District Judge.

## BACKGROUND

This is a motion to dismiss the complaint, or alternatively, to stay the proceedings 180 days, brought by defendant Resolution Trust Corporation ("RTC") for lack of subject matter jurisdiction under Fed.R.Civ.P. Rules 12(b)(1) and (c).

On September 12, 1990, plaintiffs filed a complaint against defendants alleging, *inter alia,* fraud in connection with their 1988 purchase of a parcel of real property in Shelter Island, New York, for approximately $3.1 million. The plaintiffs allege that the sellers of the Shelter Island property (defendants Biondo, Duryea, and Webb), their brokers (defendants Carusona and DiLeo), the plaintiffs' bank (defendant Eastern Federal Savings and Loan Association ("Eastern Federal")) and its Vice President (defendant Donelan), joined together and intentionally misrepresented the value of the property to the plaintiffs. Eastern Federal counterclaimed for foreclosure of its first mortgage lien held against the property after plaintiffs defaulted on payments in December, 1990.

On September 27, 1991, Eastern Federal, insured by the Federal Savings and Loan Insurance Corporation ("FSLIC"), was declared insolvent and closed by the Office of Thrift Supervision ("OTS"). On the same day, OTS placed Eastern Federal under the receivership of the Resolution Trust Corporation ("RTC") pursuant to the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"). Pub.L. 101–73, 103 Stat. 183 (1989), codified

Brown, Paindiris & Zarella, Fairfield, Conn. (Edward N. Lerner, of counsel), for plaintiffs.

Berger & Steingut, David Webb, and Perry Duryea, Jr., New York City (Charles Webb, of counsel), for defendants George Biondo.

in Titles 12 and 15 of U.S.C. The RTC is a mixed-ownership Government corporation, managed exclusively by the Federal Deposit Insurance Corporation ("FDIC"). 12 U.S.C. § 1441a(b)(1) and (2). The RTC functions as the successor-in-interest to FSLIC for certain depository institutions placed into receivership between January 1, 1989 and August 2, 1992. 12 U.S.C. § 1441a(b)(3). As such, it replaced Eastern Federal as defendant in this lawsuit. 12 U.S.C. § 1441a(b) and § 1821(d)(2). On December 24, 1991, the plaintiffs filed a timely claim with the RTC pursuant to 12 U.S.C. § 1821(d)(3).

## DISCUSSION

■ The RTC argues that 12 U.S.C. § 1821(d)(13)(D) categorically divests courts of subject matter jurisdiction over suits in which plaintiffs seek recovery from the assets of depository institutions held under its receivership until a claimant has completely exhausted its claim process. The pertinent portion of § 1821(d)(13)(D) states,

> "(D) *Limitation on judicial review*
>
> Except as otherwise provided in this subsection, no court shall have jurisdiction over—
>
> (i) any claim or action for payment from ... the assets of any depository institution for which the [RTC] has been appointed receiver ..."

Under the wording of § 1821(d)(13)(D), RTC argues that a claimant is required to file a timely administrative claim instead of suing it in a court. *See* 12 U.S.C. § 1821(d)(3). The RTC is allotted 180 days to render a determination on a claim. 12 U.S.C. § 1821(d)(5)(A)(i). A claimant can then file suit in an appropriate federal district court or in the United States District Court for the District of Columbia on the claim. 12 U.S.C. § 1821(d)(6). Notably, the RTC's decision to disallow a claim is unreviewable by any court and the suit proceeds de novo. 12 U.S.C. § 1821(d)(5)(E).

Plaintiffs concede the validity of the RTC's interpretation of § 1821(d)(13)(D) when a claimant files suit originally against RTC as receiver, but distinguish it from a suit filed in a court against a depository institution which is subsequently placed under the receivership of the RTC during the course of litigation. Plaintiffs argue that § 1821(d)(13)(D)'s jurisdiction-stripping language is qualified by the phrase, "[e]xcept as otherwise provided by this subsection." Even the RTC concedes that no less than five provisions of § 1821(d) contemplate situations where, after the RTC is substituted as a party to litigation involving a claim against a depository institution, the plaintiff files a timely claim with the RTC. *See* 12 U.S.C. § 1821(d)(5)(F)(ii), § 1821(d)(6)(A), § 1821(d)(6)(B)(ii), § 1821(d)(7)(A), § 1821(d)(8)(C) and § 1821(d)(8)(D). The most notable of these provisions are § 1821(d)(5)(F)(ii) ("the filing of a claim with the receiver shall not prejudice any right of the claimant to continue any action which was filed *before the appointment of a receiver*") [emphasis added] and § 1821(d)(6)(A) ("the claimant may request administrative review of the [disallowed] claim... or file suit on such claim (*or continue an action commenced before appointment of the receiver....*")) [emphasis added].

Uses of the phrase "continue an action commenced before the appointment of the receiver" or synonymous terminology in these provisions of § 1821(d) indicate that it does not entirely strip a court of subject matter jurisdiction over pre-receivership lawsuits after a plaintiff files the requisite administrative claim with the RTC. Rather, the word "continue," taken within the context of these provisions, plainly directs a court to stay the proceedings against the RTC until the claim-filing process runs its 180 day course. Of course, if the RTC renders a determination before 180 days, the judicial stay of proceedings would be correspondingly shorter. *See* 12 U.S.C. § 1821(d)(6). House Report No. 101–54(I), 101st Cong., 1st Sess., *reprinted in* 1989 U.S.Code Cong. & Admin. News 86, 214, the legislative history of FIRREA, persuasively supports this conclusion by stating, in pertinent part:

After exhaustion of streamlined administrative procedures, a claimant has a choice to either bring the claim de novo in the District Court...or have the claim determination reviewed by one or more administrative processes. The agency's determination whether to allow a claim must be made within 180 days.... Any suit (*or motion to renew a suit filed prior to appointment of the receiver*) must be brought by the claimant within 60 days after the denial of the claim. [Emphasis added].

That plaintiffs' pre-receivership claims against the RTC must be stayed for a maximum of 180 days from the date of the claim filing follows two district court decisions in this circuit recognizing § 1821(d)'s distinction between lawsuits against depository institution assets commenced prior to and after RTC receivership.[1] *See Gumowitz v. First Federal Savings and Loan Association of Roanoke,* 1991 WL 84630 (S.D.N.Y.1991), *International Fidelity Insurance Co. v. Yorkville Federal Savings and Loan Association,* 1990 WL 165720, 1990 U.S.Dist.Lexis 14046 (S.D.N.Y.1990). A majority of district courts in other circuits support this result. *See Coston v. Gold Coast Graphics, Inc.,* 782 F.Supp. 1532 (S.D.Fla.1991), *Matter of Federal Deposit Ins. Corp.,* 762 F.Supp. 1002 (D.Mass. 1991), *Rexam Ltd. v. Resolution Trust Corp.,* 754 F.Supp. 245 (D.Puerto Rico 1990), *Tuxedo Beach Club Corp. v. City Federal Sav. Bank,* 737 F.Supp. 18 (D.N.J. 1990). Judge Keeton's recent analysis in *Matter of Federal Deposit Ins. Corp.,* 762 F.Supp. at 1005, provides a useful summary of the proper construction of § 1821(d):

[I]t is clear that Congress manifested an intent to permit a claimant to continue an action on a claim instituted against an insolvent bank before appointment of the FDIC [or RTC] as receiver for that bank only after the claimant has exhausted the administrative claim review procedure. It thus necessarily follows that Congress manifested an intent to require a stay of all claims against an insolvent bank pending review of those claims by the FDIC as receiver.

The RTC can point to only one precedent where a pre-receivership lawsuit against a depository institution was dismissed without prejudice on the basis of § 1821(d)(13)(D) despite plaintiff's compliance with the RTC's claim process. *New Maine Nat. Bank v. Reef,* 765 F.Supp. 763 (D.Me.1991).[2] This Court respectfully declines to follow *New Maine* because it appears to misclassify § 1821(d) as a "section" of FIRREA when, in fact, § 1821(d) is the "subsection" of § 1821 to which § 1821(d)(13)(D) refers. *Id.* at 765; 12 U.S.C. § 1821(d)(13)(D). The RTC alternatively points to several dismissals of pre-RTC intervention claims or counterclaims, but these cases are distinguishable because in each the party seeking RTC assets never filed a claim at all. *See e.g., RTC v. Mustang Partners,* 946 F.2d 103 (10th Cir. 1991), *FDIC v. Shain, Schaffer & Rafanello,* 944 F.2d 129 (3d Cir.1991), *Liquidation of First City National Bank & Trust Co.,* 759 F.Supp. 1048 (S.D.N.Y.1991), *RTC v. DuBois,* 771 F.Supp. 154 (M.D.La.1991), *United Bank of Waco v. First Republic Bank Waco,* 758 F.Supp. 1166 (W.D.Tex. 1991). This distinction is critical because

---

**1.** Contrary to the assertions of the RTC, the United States Court of Appeals for the Second Circuit has yet to address this issue. RTC argues that *Circle Industries v. City Federal Savings Bank,* 931 F.2d 7 (2d Cir.1991) (*per curiam*) and *RTC v. Elman,* 949 F.2d 624 (2d Cir.1991), interpret § 1821(d)(13)(D) to require dismissal of all actions against RTC assets. However, *Circle Industries* and *Elman* involved claims and counterclaims originally filed against the RTC. *Circle Industries,* 931 F.2d at 8; *Elman,* 949 F.2d at 625–28. Consequently, these decisions did not consider the numerous provisions of § 1821(d) referencing a stay of actions com-

menced prior to the appointment of RTC as receiver.

**2.** *Everett Dobson & Sons, Inc. v. Dictar Associates II,* 764 F.Supp. 1 (D.Me.1991) mirrors the reasoning of *New Maine Nat. Bank* in dismissing pre-receivership claims for lack of subject matter jurisdiction. It is unclear whether the plaintiff in *Everett Dobson* filed a proof of claim with the RTC once it assumed control of the insolvent Maine National Bank. Even if it did, this Court declines to follow *Everett Dobson* because its reasoning is indistinguishable from *New Maine Nat. Bank.*

§ 1821(d)'s numerous references to continuing actions commenced against depository institutions prior to RTC receivership are contingent upon compliance with the RTC claims process. Dismissals of pre-receivership claims in which no filings occurred are inapplicable here because the plaintiffs have complied with the RTC claim process.[3]

■ Finally, plaintiffs object to RTC's request to exercise subject matter jurisdiction over RTC's counterclaim for foreclosure on its mortgage on the Shelter Island property. Plaintiffs argue that the Court should exercise its discretionary power to stay the counterclaim because the original claims and counterclaims are intertwined and disposing of them separately would lead to piecemeal litigation. FIRREA only streamlines claims against RTC assets into an administrative claim process and does not affect related claims made by the RTC.

There is no doubt that the plaintiffs' claims against the depository institution and the foreclosure counterclaim are closely related. The plaintiffs affirmatively defend against RTC's counterclaim for foreclosure on the ground that Eastern Federal's allegedly fraudulent conduct renders the mortgage voidable. Under certain circumstances, which may or may not exist here, this defense is recognized in New York. *See e.g., Lapis Enterprises, Inc. v. International Blimpie Corp.*, 84 A.D.2d 286, 445 N.Y.S.2d 574, 578–79 (2d Dept. 1981). The purposes behind the 180 day stay mandated under § 1821(d) would be thwarted if the plaintiff could not pursue its fraud claim directly against the RTC, but could indirectly do so as an affirmative defense against the foreclosure counterclaim brought by the RTC.

Moreover, the problem extends even further because of the nature of this lawsuit. Plaintiffs allege causes of action in their complaint which require proof that Eastern Federal, its Vice President, the sellers of the property and their brokers acted in concert to defraud the plaintiffs. Obviously, judicial resources would be wasted if the plaintiffs could press forward now in the litigation against every defendant except the depository institution. For these reasons, the Court orders that the entire case be stayed for a maximum of 180 days measured from December 24, 1991. *See also Gumowitz*, 1991 WL 84630, *Connecticut Bank and Trust v. CT Partners*, 136 F.R.D. 347, 351 (D.Conn.1991), *Matter of FDIC*, 762 F.Supp. at 1005.

## CONCLUSION

For the reasons stated above, this case is hereby stayed a maximum of 180 days from December 24, 1991. If, however, the RTC renders its claim decision in less than 180 days, the Court will entertain plaintiffs motion to continue the action within sixty days of the date of the RTC's decision as required by 12 U.S.C. § 1821(d)(6).

SO ORDERED.

---

**3.** Plaintiffs also assert that the suit should continue concurrently with the proof of claim process. For the reasons stated above, this Court interprets § 1821(d) to mandate a 180 day stay, and not to permit concurrent litigation and administrative determinations which could conflict. Compare *Matter of Federal Deposit Ins. Corp.*, 762 F.Supp. at 1004 (concurrent claims not permissible under § 1821(d)) with *Marc Development, Inc. v. FDIC*, 771 F.Supp. 1163, 1169 (D.Utah 1991) (concurrent claims permissible under § 1821(d), subject to a 90 day stay as provided in 12 U.S.C. § 1821(d)(12)(A)(ii)).