**Arletha Chappelle GREEN, Plaintiff,**

v.

**RESOLUTION TRUST CORP., as receiver for Perpetual Savings Bank, F.S.B., et al., defendant.**

**Civ. A. No. 92–0289.**

United States District Court,
District of Columbia.

May 15, 1992.

Ruth E. Hankins, Miniard Culpepper, Washington, D.C., for plaintiff.

James R. Schraf, Lipshult and Hone, Chartered, Silver Spring, Md., for defendant RTC.

ORDER

REVERCOMB, District Judge.

Plaintiff, as personal representative of the estate of her deceased father, sued the Perpetual Savings Bank on January 6, 1992, in the Superior Court for the District of Columbia, Civil Action 92–CA00192, alleging that Perpetual negligently allowed the unauthorized withdrawal of some $72,000 from the decedent's bank accounts. Four days later, on January 10, 1992, the Office of Thrift Supervision appointed the Resolution Trust Corporation (RTC) as receiver for Perpetual. The RTC removed the action to this Court on January 31, 1992, pursuant to the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 (FIRREA), 12 U.S.C. § 144a($l$)(3), and by this Court's Order of February 24, 1992, it substituted itself as a party defendant for Perpetual, as mandated by 12 U.S.C. § 1441a($l$)(2).

On March 3, 1992, RTC moved for dismissal on grounds that FIRREA, and particularly 12 U.S.C. § 1821(d)(13)(D), divested this Court of subject matter jurisdiction over plaintiff's claim once Perpetual entered federal receivership. The question posed by this motion is apparently one of first impression in this Circuit. For the reasons set forth below, the Court grants RTC's motion and dismisses the case.

As RTC makes clear, Memo Supporting Dismissal at 2–3, FIRREA created a comprehensive administrative procedure for adjudicating claims asserted against failed depository institutions. Section 1821(d)(3)(B) requires a claimant to file his or her claim within 90 days after the federal receiver publishes notice to creditors that an institution is in receivership. Section 1821(d)(5)(A) then gives RTC 180 days to consider the claim. If RTC denies or fails to act on a claim within this time, the claimant has, under Section 1821(d)(6)(A), 60 days to (1) request an administrative review, (2) file suit on the claim, or (3) "continue an action commenced before the appointment of the receiver." Commencing or continuing a judicial proceeding without administrative review of RTC's determination leads to *de novo* review in the district court. FIRREA expressly restricts a claimant's ability to circumvent the administrative procedures, providing in Section 1821(d)(13)(D) a strict limitation on judicial review, such that

> Except as otherwise provided in this subsection, no court shall have jurisdiction over— (i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the Corporation has been appointed receiver, ... or (ii) any claim relating to any act or omission of such institution or Corporation as receiver.

*See Office and Professional Employees Int'l Union v. FDIC,* 962 F.2d 63, 65 (D.C.Cir.1992).

In opposing RTC's motion to dismiss, plaintiff argues that Section 1821(d)(13)(D)'s limitation on judicial review does not apply to her suit because, "as otherwise provided in" Subsection 1821(d)—specifically at Sections 1821(d)(5)(F)(ii) and (d)(8)(E)(ii)

> [s]ubject to paragraph (12) [allowing *the receiver* to request a stay of legal actions to which the financial institution is or becomes a party], the filing of the claim with a receiver shall not prejudice any right of the claimant to *continue* any action which was filed before the appointment of the receiver.

(emphasis added). Plaintiff contends that "[t]he administrative procedures established by [FIRREA] apply equally [to] actions [that] have been commenced prior to the appointment of RTC. However, they provide for pending actions to continue." Memo in Opposition at 2–3.

In *Resolution Trust Corp. v. Mustang Partners,* 946 F.2d 103 (10th Cir.1991), the United States Court of Appeals for the Tenth Circuit considered and rejected precisely this argument. In *Mustang,* the Court of Appeals affirmed the district court's grant of summary judgment in favor of plaintiff-RTC on defendant's counterclaims, holding that

> a thorough reading of the applicable provisions of FIRREA fails to produce any language which could be construed to support [defendant-counterclaimant's] argument that the claim procedures can be dispensed with in cases where suit was filed prior to the appointment of the receiver. We also concur with RTC-receiver's argument that the language of FIRREA, allowing parties with claims to file suit *"or continue* an action commenced before the appointment of the receiver" in the event the claim is disallowed, serves to controvert [defendant's] argument. 12 U.S.C. 1821(d)(6)(A) (emphasis added). The statute clearly requires that each creditor file a claim. 12 U.S.C. 1821(d)(3)(B)(i). In the event the claim is disallowed, the creditor can then file suit *or continue* to pursue the suit already filed. No interpretation is possible which would excuse this requirement for creditors with suits pending, or allow the filing of suit to substitute for the claim process.

*Id.* at 106. As to the provision contained in Section 1821(d)(5)(F)(ii), which is identical to Section (d)(8)(E)(ii), the *Mustang* Court held, *id.*, that

> this provision cannot be construed in any way to support [defendant's] contention that its counterclaims survive its failure to comply with FIRREA's claim requirements. On the contrary, we conclude that [defendant's] right to continue its pending lawsuit is dependent upon its compliance with FIRREA's claims provisions. *See* 12 U.S.C. 1821(d)(6)(B).

The plaintiff also relies on *Coit Independence v. FSLIC*, 489 U.S. 561, 109 S.Ct. 1361, 103 L.Ed.2d 602 (1989), a pre-FIRREA Supreme Court decision, to argue that the administrative procedures set forth in Section 1821(d) do not divest federal courts of subject matter jurisdiction to determine the validity of claims against institutions under federal receivership. The Court finds, however, that RTC's reliance on the district court's holding in *Circle Industries v. City Federal Sav. Bank*, 749 F.Supp. 447 (E.D.N.Y.1990), *aff'd* 931 F.2d 7 (2d Cir.1991), is well founded. In *Circle*, the court examined the legislative history of FIRREA's provisions on claims determination and found it "clearly indicated" that

> Congress intended that a district court not have subject matter jurisdiction of state law claims asserted against RTC similar to those claims asserted against the FSLIC in *Coit*[ ] [citation omitted], until those claims are first presented to and adjudicated by the RTC or the FDIC. (*See* 12 U.S.C. Sections 1821(d)(5) and (d)(13)(D)).

*Id.* at 454. *Coit*, the court noted, involved facts in which FSLIC was appointed receiver

> [t]wo months *after* the plaintiff ... filed suit in the state court.... Justice O'Connor, writing for seven of the nine justices on the Court, explicitly stated that in accordance with Article III of the United States Constitution, a federal district court need not have original subject matter jurisdiction of state law claims asserted against the FSLIC so long as (1) "the Bank Board's regulations only re-

quired claimants to give FSLIC notice of their claims and then wait for a reasonable period of time before filing suit while FSLIC decided whether to pay, settle, or disallow the claim" [quoting *Coit*], and (2) the regulations contemplated *de novo* district court review of any adjudicatory findings made by the FSLIC.

> The legislative history explicitly indicated that FIRREA was drafted so as to satisfy both of the *Coit* requirements.

*Id.* (emphasis added). *Accord Sugrue–Spencer v. RTC*, No. 91–2106, slip op., 1991 WL 277525 (D.D.C.Dec. 9, 1991) (Sporkin, J.) (district court lacks subject-matter jurisdiction pursuant to 12 U.S.C. § 1821(d)(13)(D) where plaintiffs had not filed an administrative claim with RTC as per 12 U.S.C. § 1821(d)); *see also Office of Professional Employees, supra*, 962 F.2d at 66 & n. 7 (same).

The *Circle* decision itself involved a suit filed against a defendant financial institution only *after* it entered federal receivership. *Id.* at 450–51. However, in *New Maine Nat. Bank v. Reef*, 765 F.Supp. 763 (D.Me.1991), the district court ruled consistently with *Circle*, dismissing without prejudice a defendant's counterclaim commenced and pending in court *before* the onset of federal receivership on grounds that "no jurisdiction exists in the court with respect to a claim for judicial determination of a claim subject to the administrative claims process *until the specified "suit on such claim" has been filed in the court."* *Id.* at 765. The *New Maine* court made clear its "position" that

> the statutory language of sections 1821(d)(13)(D)(i) and (ii) divests the Court of substantive jurisdiction over claims of the specified nature pending the working out of the administrative claims process provided for by the statute or until the lapse of the designated time provided therefore.

*Id.* at 766. This Court concurs with the logic set forth in the aforementioned decisions and, absent any authority cited by the

plaintiff to the contrary [1], rejects plaintiff's contention that "[t]here is no question that this court has subject matter jurisdiction over the present case." Memo at 3.

For these reasons, it is

ORDERED that defendant Resolution Trust Corporation's motion is GRANTED and this case is DISMISSED without prejudice pursuant to Fed.R.Civ.P. 12(b)(1) and the provisions of 12 U.S.C. § 1821(d)(13)(D) pending exhaustion of the administrative remedies set forth in the Financial Institutions Reform, Recovery and Enforcement Act of 1989.

---

1. The Court notes that its own research reveals an arguably contrary position articulated by the Third Circuit Court of Appeals in *Praxis Properties v. Colonial Sav. Bank,* 947 F.2d 49, 63 n. 14 (3d Cir.1991). There, the court of appeals states in dicta that "where a claimant files its action against a depository institution *before* the institution becomes insolvent and is placed in receivership, ... the failure of the thrift and the appointment of RTC as receiver *would appear* not to divest the federal court of jurisdiction" (second emphasis added). At the same time, however, the court of appeals acknowledges without critique the contrary holding of the district court in *New Maine, supra,* and also declines to express a position on whether other courts have properly inferred from Sections 1821(d)(3)–(8) and (13) a right in claimants to a mandatory 180–day stay of a pending judicial proceeding, "especially where the statutory provisions are in tension." This Court therefore finds that its holding in this case is more properly grounded on the unequivocal holdings set forth *supra* in *Mustang, Circle,* and *New Maine.*