**FEDERAL DEPOSIT INSURANCE CORPORATION, As Receiver for the National Bank of Washington, Washington, D.C.**

v.

**JAMES J. MADDEN, INC., John P. Madden, Rita R. Madden.**

**Civ. No. S 93–3893.**

United States District Court,
D. Maryland.

April 5, 1994.

Anthony D. Martin, Janice Lynn Cole, Carpenter, Martin & Berkowitz, Takoma Park, MD, for plaintiff.

Daniel M. Kennedy, III, Barkley & Kennedy, Chartered, Rockville, MD, for defendants.

### MEMORANDUM OPINION AND ORDER

SMALKIN, District Judge.

■ This is a suit on commercial paper held by the plaintiff, in which the corporate defendant, James J. Madden, Inc., has asserted counterclaims for fraud and breach of contract, in the nature of "lender malpractice" as described in, *e.g., Howard Oaks, Inc. v. Maryland Nat. Bank,* 810 F.Supp. 674, 675–76 (D.Md.1993). The plaintiff has moved to dismiss, on the ground that the counterclaims have not been presented for administrative resolution, thus depriving the Court of subject-matter jurisdiction over them under 12 U.S.C. § 1821(d)(5). *See Office and Professional Employees Int'l. Union, Local 2 v. Federal Deposit Ins. Corp.,* 962 F.2d 63, 66 (D.C.Cir.1992).

The defendant/counterplaintiff admits nonexhaustion, but argues, first, that it did not receive notice of receivership, and, second, that the counterclaims should be stayed pending exhaustion, rather than dismissed.

■ As to the first argument, the statute only requires actual notice to be sent to creditors appearing as such on the wound-up institution's books. 12 U.S.C. § 1821(d)(3)(C). Notice by publication, which was given here, suffices as to all others. 12 U.S.C. § 1821(d)(3)(B). Certainly, common sense dictates that actual notice cannot possibly be given to those with inchoate claims of lender malpractice.

■ In support of its second argument, defendant refers to stays granted, pending exhaustion, in the cases of *Resolution Trust Corp. v. Cotten,* 790 F.Supp. 649 (E.D.La. 1992), and *Simms v. Biondo,* 785 F.Supp. 322 (E.D.N.Y.1992). What defendant fails to mention is that both of those cases involved claims filed *before* receivership. This case does not. There will, thus, be no stay. End of discussion.

■ For the stated reasons, the plaintiff's motion to dismiss the defendant James J. Madden, Inc.'s counterclaims will be granted, but not with prejudice, as prayed. In that the defect at issue is jurisdictional, and in that the counterclaims could possibly be presented administratively (even if they have no hope of being granted), the dismissal is more properly for lack of federal subject-matter jurisdiction than for failure to state a claim upon which relief can be granted. *See, e.g., Bueford v. Resolution Trust Corp.,* 991 F.2d 481, 484 (8th Cir.1993).

Therefore, the counterclaims of defendant James J. Madden, Inc., are hereby DIS-

MISSED, for lack of federal subject-matter jurisdiction, Fed.R.Civ.P. 12(h)(3).

SO ORDERED.