## STRUCTURAL SYSTEMS, INC., Plaintiff,

v.

## Anthony J. SULFARO, et al, Defendant.

### Civ. A. No. 88–785–C.

United States District Court, D. Massachusetts.

June 15, 1988.

Marvin H. Margolies, Margolies & Margolies, Boston, Mass., for plaintiff.

Peter M. Laurieat, P.C., Patricia A. McEvoy, Peabody & Brown, Boston, Mass., for Yankee Bank for Finance & Sav.

Gary R. Green Berg, Lawrence R. Kulig, Goldstein & Manello, Boston, Mass., for Anthony J. Sulfaro, Trustee, A.J. Sulfaro Development Corp.

## MEMORANDUM

CAFFREY, Senior District Judge.

Structural Systems, Inc. filed this action in Middlesex Superior Court against the

---

defendants, Anthony J. Sulfaro and Sulfaro Development Corporation. Yankee Bank for Finance and Savings ("Yankee") was also named a defendant in the state court action. The plaintiff seeks to reach and apply funds allegedly owed by Yankee to the other named defendants. In addition, Yankee is the mortgagee of certain real property that is relevant to the action.

After the complaint was filed, Yankee became insolvent and the Federal Deposit Insurance Corporation ("FDIC") was appointed receiver of its assets. As Yankee's receiver, the FDIC seeks to substitute itself as a defendant in this action and has removed the case to this Court. The plaintiff now seeks a remand to the state court, claiming that this Court lacks removal jurisdiction.

The plaintiff's contention is without merit. Jurisdiction over this matter is expressly conferred by 12 U.S.C. § 1819(4). Under this statute, all civil suits in which the FDIC is a party are deemed to arise under federal law even if the cause of action is created by state law. Section 1819 specifically empowers the FDIC to remove such actions to the federal district courts. The only exception to the jurisdiction conferred by this statute applies when the FDIC acts as a receiver for a state bank and the lawsuit involves questions of state law only. *Federal Deposit Insurance Corp. v. de Jesus Velez,* 678 F.2d 371, 374 (1st Cir. 1982). The statutory exception has no application here where the FDIC is acting as a receiver for a national bank.

The plaintiff also challenges removal of this action on the grounds that the FDIC was not a named defendant in the state court action. However, the removal power granted the FDIC by 12 U.S.C. § 1819(4) is not contingent on the plaintiff naming the corporation as a defendant in the first instance. *See Federal Deposit Insurance Corporation v. Otero,* 598 F.2d 627, 629 (1st Cir.1979) (federal jurisdiction present where the FDIC was a substituted party rather than an original party in the state court action). Nor is jurisdiction under § 1819(4) defeated by the fact that the

FDIC is not yet formally a party to this action. While formal intervention or substitution of the FDIC prior to the petition for removal is desirable, it is not necessary to support jurisdiction under 12 U.S.C. § 1819(4). *Farina v. Mission Investment Trust,* 615 F.2d 1068, 1075 (5th Cir.1980).[1]

The plaintiff's claim that jurisdiction is lacking because not all defendants joined in the petition for removal is also meritless. Unlike a removal petition under 28 U.S.C. § 1446, it is not necessary that all defendants join in a petition for removal brought pursuant to 12 U.S.C. § 1819(4). *Franklin National Bank Securities Litigation v. Andersen,* 532 F.2d 842, 846 (2d Cir.1976). Section 1819(4) was designed to facilitate removal by the FDIC of actions in which it is a party. *Otero,* 598 F.2d at 630. The broad power of removal granted by the statute would be unduly restricted by a requirement that all defendants join in a petition for removal. Moreover, such a requirement would be illogical in view of the FDIC's power to remove a case to federal court even when it is a plaintiff, rather than a defendant. *Id.* at 630. *See also Franklin National Bank Securities Litigation,* 532 F.2d at 846.

The plaintiff also contends that the petition for removal was not timely filed. To the contrary, the FDIC's petition for removal could only be characterized as premature. A removal petition brought under 12 U.S.C. § 1819(4) is timely if filed within thirty days after the FDIC becomes a party. *Otero,* 598 F.2d at 633, n. 7. In this case, the petition was filed before the FDIC formally became a party.

Order accordingly.

### ORDER

In accordance with memorandum filed this date, it is ORDERED:

1. Plaintiff's motion to remand is denied.

2. The Federal Deposit Insurance Corporation's motion to substitute as defend-

---

1. The Court now grants the FDIC's motion to be

formally substituted as a party.

ant for Yankee Bank for Finance and Savings is granted.