EVERETT N. DOBSON & SONS,
INC., Plaintiff,

v.

DICTAR ASSOCIATES II, et
al., Defendants.

No. 91–0119–P.

United States District Court,
D. Maine.

May 17, 1991.

George F. Burns, A. Robert Ruesch, Amerling & Burns, Portland, Me., for plaintiff.

William J. Kayatta Jr., Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Portland, Me., for defendants.

## MEMORANDUM OF DECISION AND ORDER

GENE CARTER, Chief Judge.

■ The Federal Deposit Insurance Corporation (hereinafter FDIC) moves pursuant to Federal Rule of Civil Procedure 25(c) that it be substituted for Maine National Bank (hereinafter MNB) with respect to all claims in this litigation for damages or restitution against MNB. On January 6, 1991, MNB was declared insolvent and the FDIC was appointed receiver of MNB pursuant to 12 U.S.C. sections 191 and 1821(c). The FDIC assumed all of MNB's liabilities, including the claims against MNB which are part of this litigation, and transferred all of MNB's assets to New Maine National Bank, a "bridge bank" chartered pursuant to 12 U.S.C. section 1821(n). As a result, the FDIC is the real party in interest with respect to the present claims seeking damages from MNB. Accordingly, the FDIC's motion to substitute parties will be granted.

■ The FDIC also moves to dismiss this action on the grounds that Plaintiff has not yet exhausted the administrative remedies mandated by 12 U.S.C. section 1821(d)(3), (5), (6), and (13)(D). Without going into detail, the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 (FIRREA) established a detailed and exclu-

**2**

sive procedure for resolving claims against banks placed in receivership by the FDIC. Title 12 U.S.C. section 1821(d)(13)(D) expressly divests this Court of jurisdiction over "any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the [FDIC] has been appointed receiver" until the mandated administrative process has been exhausted. Plaintiff argues that dismissal of its claims against the FDIC will result in a determination of priorities for the obligations owed by Defendant Dictar Associates II without consideration of Plaintiff's mechanic's lien on the involved property, thereby prejudicing Plaintiff's position as a creditor. New Maine National Bank is seeking foreclosure on the involved property in a separate action in this Court. In sum, Plaintiff asserts that this Court should not proceed with the resolution of that separate foreclosure action without also considering this action on the mechanic's lien.

The statute is clear and unambiguous with respect to this Court's lack of jurisdiction. In addition, the argument advanced by Plaintiff does not warrant placing this case on a suspense docket until all of the alleged liens and obligations can be sorted out.[1] Plaintiff can easily find other means for protecting its creditor priority which do not effect undue delay.

Accordingly, the Court hereby *GRANTS* the FDIC's motion to substitute parties. Further, the Court hereby *GRANTS* the FDIC's motion to dismiss Counts II and III of Plaintiff's Amended Complaint only as against the FDIC as receiver for MNB, such dismissal to be without prejudice.

So ORDERED.

---

1. This Court issued an Order to Show Cause in all cases removed to the Court under FIRREA permitting parties with claims against the FDIC to submit a fact-specific writing explaining why the claims should not be dismissed. The Order to Show Cause was not issued in this case; however, Plaintiff's objection to the FDIC's motion to dismiss serves the same purpose as a response to the Order to Show Cause and will be treated as such a response.