**RESOLUTION TRUST CORPORATION, as Receiver for Oak Tree Savings Bank, S.S.B. and as Conservator of Oak Tree Federal Savings Bank**

v.

**Nadalyn Miller COTTEN, et al.**

No. 91–4656.

United States District Court, E.D. Louisiana.

April 7, 1992.

As Amended May 11, 1992.

———

Raymond P. Ward, Jerome R. Lepsich, Anthony Dunbar, Sessions and Fishman, and Paul J. Mirabile, Middleberg, Riddle and Gianna, New Orleans, La., for RTC.

Eric A. Holden, Patricia Garcia, New Orleans, La., for Nadalyn Miller Cotten, et al.

Thomas F. Daley, LaPlace, La., for Roger C. Cotten, Testamentary Trust.

ORDER AND REASONS

DUPLANTIER, District Judge.

The Resolution Trust Corporation as Receiver for Oak Tree Savings Bank, S.S.B. filed a motion to dismiss the counterclaim against it. For the following reasons, the motion is DENIED.

The issue is whether after a federally insured financial institution has been placed in receivership a district court must dismiss a suit filed against the institution prior to the appointment of the receiver, requiring the claimant to pursue administrative remedies and if unsuccessful then to return to court with a new suit. I have not found, nor has my attention been called, to any United States Supreme Court or Fifth Circuit decision on point. One district court decision supports R.T.C.'s position that the counterclaim should be dismissed, but I disagree with its reasoning. *Homeyer v. Yorkville Federal Savings and Loan Association,* 1991 WL 274226, 1991 U.S.Dist. Lexis 17939 (S.D.N.Y. December 12, 1991).

The Financial Institutions Reform, Recovery and Enforcement Act of 1989 (FIERRA), Pub.L. No. 101–73 (1989), established, among other things, administrative procedures for adjudicating claims against the receiver of a failed bank and defined the jurisdiction of federal district courts to review claims which were disallowed. The statute contains the following provisions pertinent here:

> the filing of a claim with the receiver shall not prejudice any right of the claimant to continue any action which was filed before the appointment of a receiver.

12 U.S.C. § 1821(d)(5)(F)(ii).

\* \* \* \* \* \*

Before the end of the 60–day period beginning on the earlier of—

(i) the end of the period described in paragraph (5)(A)(i) [1] with respect to any claim against a depository institution for which the Corporation is receiver; or

(ii) the date of any notice of disallowance of such claim pursuant to paragraph (5)(A)(i),

the claimant may request administrative review of the claim ... or file suit on such claim (or continue an action commenced before the appointment of the receiver) in the district ... court of the United States for the district within which the depositary institution's principal place of business is located ... (and such court shall have jurisdiction to hear such claim).

12 U.S.C. § 1821(d)(6)(A).

Mover contends that the counterclaim filed against it must be dismissed even though it was filed prior to the date the receiver was appointed, arguing that the receiver's appointment deprived this court of jurisdiction over the claim during the pendency of the administrative claim. Such a construction requires that those portions of the statute referring to the continuation of an action commenced before the appointment of the receiver must be read out of the statute and rendered meaningless. If the filing of an administrative claim deprives the district court of jurisdiction over a claim filed before a receiver is appointed, then such claims are treated identically to those filed after a receiver is appointed. If pre-receiver claims must be dismissed, there would be no need for the provisions relating to continuation of actions: there would be no action to continue. Once the action was dismissed a new suit would have to be filed in order to obtain judicial review of the administrative decision.

Moreover, no purpose is served by dismissing the counterclaim. Counterclaimant's administrative claim was filed January 17, 1992. Nearly one-half of the 180 day stay period has elapsed. Nothing mandates that the R.T.C. use the entire 180 day period to determine a claim. If a determination of the claim is made promptly, and the determination is adverse to counterclaimant, a dismissal of the counterclaim now would result in a new suit shortly thereafter. The counterclaim would then be back in its present posture but as a separate action.

I construe the applicable provisions as requiring a stay of the counterclaim pending the administrative ruling. Staying the counterclaim in no way prejudices the RTC and eliminates the additional expenditure of time and money by all parties that would result from a dismissal and refiling of the action. Had Congress intended that suits filed prior to the receivership must be dismissed pending determination of the administrative claim by the RTC, it could easily have stated that. In the absence of such an explicit provision and considering the interests of judicial economy, I stay all further proceedings on the counterclaim until such time as the RTC issues a determination on the administrative claim or the expiration of the 180 day stay period, whichever occurs first. If it becomes necessary in the interest of justice to stay the main demand so as not to produce the inequitable result of a final judgment in the main demand prior to an adjudication of the counterclaim, I will stay the main demand for a like period on motion of either party.

---

**1.** 12 U.S.C. § 1821(5)(A)(i) provides:

Before the end of the 180–day period beginning on the date any claim against a depository institution is filed with the Corporation as receiver, the Corporation shall determine whether to allow or disallow the claim and shall notify the claimant of any determination with respect to the claim.