United States Court of Appeals,

Fifth Circuit.

No. 92–1046

Summary Calendar.

NCNB TEXAS NATIONAL BANK, Plaintiff,

Federal Deposit Insurance Corporation, Intervening Plaintiff–Appellant,

v.

P & R INVESTMENTS NO. 6, et al., Defendants,

P & R Investments No. 6, a Texas General Partnership, Joe J. Conlin, II and Joe J. Conlin, III, Defendants–Appellees.

June 9, 1992.

Appeal from the United States District Court For the Northern District of Texas.

Before KING, EMILIO M. GARZA, and DeMOSS, Circuit Judges.

DeMOSS, Circuit Judge:

NCNB Texas National Bank (NCNB) sued P & R Investments and others in the State District Court for Dallas County, Texas to recover a deficiency due on a promissory note ("Note") and related guaranties ("Guaranties"). On November 30, 1991, NCNB assigned and transferred all its right, title, and interest in the Note and Guaranties, as well as all claims asserted by NCNB in the lawsuit, to the Federal Deposit Insurance Corporation (FDIC). On December 17, 1991, FDIC intervened in the state court action and filed a notice of removal in the United States District Court for the Northern District of Texas (USDC). On January 6, 1992, the USDC remanded the case after it concluded that:

> Under 12 U.S.C. § 1819(b)(2)(A) and 28 U.S.C. § 1446(b), FDIC is required to remove an action within thirty days after receipt of a pleading or document from which it may first ascertain the case is one which is removable.... FDIC could first ascertain this action was removable on the date NCNB transferred the financial instruments on which FDIC seeks to recover. As FDIC's removal papers do not specify the date on which transfer occurred, the court is unable to determine that removal of this action was timely, and concludes that it should be remanded.

DISCUSSION:

This Court has jurisdiction to review the USDC's remand pursuant to 12 U.S.C. § 1819(b)(2)(C). *See also FDIC v. Loyd,* 955 F.2d 316, 319 (5th Cir.1992) (rehearing pending).

Unbeknownst to the USDC and counsel for the parties, Section 1819(b)(2)(B), which governs the FDIC's authority for removal, was amended December 19, 1991, to read as follows:

> Except as provided in subsection (D), the Corporation may, without bond or security, remove any action, suit, or proceeding from a State court to the appropri ate United States district court <u>before the end of the 90–day period beginning on the date the action, suit, or proceeding is filed against the Corporation or the Corporation is substituted as a party</u> (underlining indicates new language).

The notice of removal filed in the USDC herein states that the FDIC "intervened and became a party to the State Court Action on December 13, 1991." The docket sheet of the USDC shows that the notice of removal was filed in the USDC on December 17, 1991. Therefore, we hold removal was timely made as being within 90 days of the date on which the FDIC "was substituted as a Party."

This Court has not directly addressed the retroactivity of this 1991 statutory amendment. The Eleventh Circuit, however, applying the *Bradley* rule,[1] held that a previous amendment to 12 U.S.C. § 1819, under the Financial Institutions Reform, Recovery, and Enforcement Act (FIERRA), which also governed removal, was retroactive. The Court reasoned that the previous amendment governing the FDIC's authority to remove was merely procedural, not substantive, and that retrospective application would not deprive any party of its "day in court." *FDIC v. 232, Inc.,* 920 F.2d 815, 818–19 (11th Cir.1991). This Circuit follows the general rule that amendments to statutes affecting only procedure apply to pending cases, *see U.S. v. Vanella,* 619 F.2d 384, 386–87 (5th Cir.1980). Since the 1991 amendment is obviously procedural in nature, we see no reason to apply

---

[1] In *Bradley v. Richmond School Bd.,* 416 U.S. 696, 715–16, 94 S.Ct. 2006, 2018, 40 L.Ed.2d 476 (1976), the Supreme Court set forth the rule that a court is to apply the law in effect at the time it renders its decision unless manifest injustice would result. Whether manifest injustice would result depends on three factors: "(a) the nature and identity of the parties, (b) the nature of their rights, and (c) the nature of the impact of the change in law upon those rights." *Id.* at 717, 94 S.Ct. at 2019.

a different rule in the case; and, therefore, hold that the amendment applies to this pending case.

The appellee argues that 12 U.S.C. § 1819(b)(2)(D)(iii) precludes the FDIC from removing this case because it involves only Texas state law. The district court's remand order, however, did not address this issue; and the appellate record is insufficient to determine the relevance of this statutory provision. We do not rule on the applicability, if any, of such statutory provision.

CONCLUSION:

The order of the USDC remanding this matter to the state court is VACATED; and this cause is REMANDED to the USDC for further proceedings.