**Z & S REALTY COMPANY, et al., Plaintiffs,**

v.

**RESOLUTION TRUST CORPORATION, as Receiver for San Jacinto Savings Association, F.A., and GSSW, L.P., Defendants.**

**Civ. A. No. H-92-2759.**

United States District Court, S.D. Texas, Houston Division.

Oct. 22, 1992.

Hugh L. McKenney, McKenney & Jesse, Houston, TX, for plaintiffs.

J. Michael Solar, J. Michael Solar & Associates, Houston, TX, for defendants Resolution Trust Corp. and San Jacinto Sav., Ass'n F.A.

George Tarpley, Sheinfeld Maley & Kay, Dallas, TX, for defendant GSSW L.P.

ORDER OF DISMISSAL

HARMON, District Judge.

The above referenced action is for damages for breach of contract, misrepresentation, fraud, and deceptive trade practices and for recission or reformation of two wrap-around promissory notes, secured by two pieces of real property, and attendant guaranty agreements. Pending in this suit is Defendant the Resolution Trust Corporation's (RTC's) motion to dismiss original petition filed by Z & S Realty Company, S & F Ocean Realty Company, Samuel Pinter, Fagie Pinter, and Shaindy Pinter, for lack of subject matter jurisdiction due to Plaintiffs' failure to exhaust administrative claims procedures, pursuant to 12 U.S.C. § 1821(d)(3)–(13), and because equitable relief of rescission or reformation against RTC or GSSW would unlawfully restrain RTC in the exercise of its statutory powers in violation of 12 U.S.C. § 1821(j) (instrument # 3). RTC also contends that, as a matter of law, because GSSW. L.P. (GSSW) did not acquire the liabilities but only the assets of the failed San Jacinto Savings Association, it cannot be liable to Plaintiffs. After reviewing the record and the applica-

ble law, the Court concludes that this action should be dismissed.

The Court first addresses the threshold issue of its jurisdiction, raised by RTC in its motion to dismiss. RTC contends that the Court lacks jurisdiction because Plaintiffs have failed to allege and prove that they exhausted the administrative claims process as required under FIRREA, 12 U.S.C. § 1821(d) (1989).

In *Coit Independence Joint Venture v. FSLIC,* 489 U.S. 561, 109 S.Ct. 1361, 103 L.Ed.2d 602 (1989), the Supreme Court held that FSLIC did not have exclusive adjudicatory power under the existing statutes to determine creditors' claims against· failed savings and loan associations or to require parties to follow the agency's claim procedure before seeking *de novo* judicial review. In *Coit* Justice O'Connor expressed concern for the need for reasonable time limits on the agency for administrative adjudication of claims, while Justice Scalia warned of dangers of preemption of state law in requiring exhaustion of administrative remedies. 489 U.S. at 585–91, 109 S.Ct. at 1375–78. Addressing these concerns, Congress subsequently passed a new claims procedure in FIRREA to allow a receiver authority within a limited time period to review claims expeditiously. 12 U.S.C. § 1821(d)(3).

Under the new scheme, after appointment of the receiver, the RTC gives notice to creditors that the depository institution is winding up. Creditors are given a deadline, but are allowed at least ninety days, by which they must file any claims with the receiver. Failure to file a claim by the notice's deadline automatically results in its disallowance under § 1821(d)(5)(C)(i).

After the claim is filed, the receiver has 180 days to determine whether to allow or disallow the claim and to notify timely the claimant, unless that period is extended by agreement of the parties. 12 U.S.C. § 1821(d)(5). Statutes of limitations are tolled by the filing of the claim with the agency. 12 U.S.C. § (d)(5)(F).

If the RTC disallows the claim or fails to act during the 180–day period, the claimant may seek either administrative consider-

ation or judicial review under 12 U.S.C. § 1821(d)(6)(A). The claimant has sixty days after a denial of his claim or expiration of the 180–day period to pursue administrative review, file suit in district court or continue a suit filed in district court before the receiver was appointed. *Id.* Failure to do so makes the denial of the claim a final determination. 12 U.S.C. § 1821(d)(6)(B).

*De novo* review by the federal district court is available only after the filing of the claim and its initial processing or non-processing by the RTC in the 180–day period. Under § 1821(d)(13)(D), the federal district court's subject matter jurisdiction is limited to the claims of those who have complied with the procedure outlined in the statute. The Fifth Circuit has recently held that although FIRREA "does not explicitly mandate exhaustion of administrative remedies before judicial intervention, the language of the statute and indicated congressional intent make clear that such is required." *Meliezer v. Resolution Trust Company (sic),* 952 F.2d 879, 882 (5th Cir. 1992). *See also RTC v. Mustang Partners,* 946 F.2d 103, 106 (10th Cir.1991); *Rosa v. RTC,* 938 F.2d 383 (3d Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 582, 116 L.Ed.2d 608 (1991).

Plaintiffs incorrectly contend that the claims procedure does not apply to the RTC but only to the Federal Deposit Insurance Corporation (FDIC). Although 12 U.S.C. § 1821(d) expressly refers to the FDIC, 12 U.S.C. § 1441a(b)(4) authorizes RTC to "have the same powers and rights to carry out its duties ... as the [FDIC] has under ... [§§ 1821(d) ]." *See also Meliezer,* 952 F.2d at 881.

The RTC also argues, and the Court concurs, that the claims against GSSW, which acquired the notes and guaranty agreements on July 1, 1992, long after the alleged misconduct by San Jacinto Savings Association or its receiver, should be dismissed as a matter of law. RTC assumed all of the failed thrift's liabilities under 12 U.S.C. § 1441a(b)(4) and § 1821(d)(2)(A), and they were not transferred to GSSW Limited Partnership (GSSW), which acquired only the assets. Thus as unsecured

creditors Plaintiffs' claims must be asserted against the receiver. *First Indiana Federal Savings Bank v. FDIC*, 964 F.2d 503, 507 (5th Cir.1992); *Gulley v. Sunbelt Savings, F.S.B.*, 902 F.2d 348, 351 (5th Cir.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 673, 112 L.Ed.2d 665 (1991); *B.L. Nelson & Associates v. Sunbelt Savings, F.S.B.*, 733 F.Supp. 1106, 1109 (N.D.Tex. 1990); *FSLIC v. Locke*, 718 F.Supp. 573, 580 (W.D.Tex.1989).

Accordingly, because Plaintiffs failed to exhaust administrative remedies and because as a matter of law GSSW cannot be liable for the thrift's alleged misconduct, the Court

ORDERS that the RTC's motion to dismiss for lack of subject matter jurisdiction is GRANTED and this action is DISMISSED.