ESTATE OF Lucille HARDING, By its Administrator, Curtis WILLIAMS and Curtis Williams, as an individual, Plaintiff,

v.

Robert BELL and Howard Savings Bank, Defendants.

Civ. A. No. 92–5052.

United States District Court, D. New Jersey.

April 6, 1993.

William D. Manns, Jr., Brown & Manns, Newark, NJ, for plaintiff.

Monica E. Peck, Young, Tarshis, Dimiero & Sayovitz, W. Orange, NJ, for F.D.I.C. as Receiver for Howard Sav. Bank.

## OPINION

WOLIN, District Judge.

This matter comes before the Court on the motion of the Federal Deposit Insurance Corporation ("FDIC") for substitution *nunc pro tunc* as defendant for Howard Savings Bank ("Howard"). The FDIC also moves to dismiss the complaint of plaintiff, the Estate of Lucille Harding ("the Estate"), for lack of subject matter jurisdiction or, in the alternative, to stay this litigation pending completion of the claims procedure mandated by 12 U.S.C. § 1821(d)(5).[1] The Court decided this matter on the papers pursuant to Rule 78.[2] For the following reasons, the Court shall substitute the FDIC as defendant and stay this action for 180 days or the completion of

the applicable administrative claims procedure, whichever event occurs first.

## BACKGROUND

The Estate filed this action on October 25, 1983 in the Superior Court of New Jersey, Chancery Division, Essex County, against Robert Bell and the FDIC. The Estate alleges that Bell fraudulently induced Harding to place funds from a personal injury settlement in a joint checking account for Bell and Harding. Bell subsequently withdrew substantial amounts of money from the account without Harding's knowledge. The Estate alleges that Howard negligently permitted these events to transpire.

On October 2, 1992, the Commissioner of Banking of the State of New Jersey declared Howard insolvent and offered the receivership appointment to the FDIC. Pursuant to section 212 of the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"),[3] the FDIC accepted appointment as receiver.

The FDIC filed a notice of removal with this Court on December 4, 1992.

## DISCUSSION

The FDIC's motion raises two questions of first impression in this Circuit. First, this Court must decide whether the FDIC properly removed this matter under a 1991 amendment to FIRREA, commonly known as the "Federal Deposit Insurance Corporation Improvement Act of 1991". If removal were proper, the Court must then decide whether to dismiss or stay this action. The Third Circuit has not had the opportunity to address this question in the context of a suit initiated prior to FDIC appointment.

---

1. This section provides in pertinent part:

   Before the end of the 180-day period beginning on the date any claim against a depository institution is filed with the Corporation as receiver, the Corporation shall determine whether to allow or disallow the claim and shall notify the claimant of any determination with respect to such claim.

   12 U.S.C. § 1821(d)(5)(A)(i) (1989).

2. Despite multiple requests from defendant's counsel and the Court, plaintiff's counsel was unwilling to provide written briefs to the Court

in this matter. Even without the benefit of full briefing, the Court adequately developed the record and decided this matter on the merits.

3. Twelve U.S.C. § 1821(c)(3) states as follows:

   Whenever the authority having supervision of any insured State depository institution (other than a District depository institution) appoints a conservator or receiver for such institution and tenders appointment to the Corporation, the Corporation may accept such appointment.

   12 U.S.C. § 1821(c)(3) (1989).

### 1. Jurisdiction

Congress granted broad jurisdiction to federal courts in matters involving the FDIC.[4] The only exception that Congress supplied is inapplicable here.[5] As a result, the Court normally has subject matter jurisdiction over these types of cases. Whether the Court lacks subject matter jurisdiction in this case due to the Estate's failure to exhaust the administrative claims procedure shall be discussed later in this Opinion.

### 2. Removal

The first novel issue encountered by the Court is whether the FDIC properly removed this case to federal court.

#### a. *Section 1819(b)(2)(B) Before the 1991 Amendment*

Prior to its 1991 amendment, 12 U.S.C. § 1819(b)(2)(B) provided federal courts with the following removal jurisdiction:

> Except as provided in subparagraph (D), the Corporation may, without bond or security, remove any action, suit, or proceeding from a State court to the appropriate United States district court.

Traditionally, federal courts countenanced removal despite the FDIC's failure to seek substitution as a party in the underlying state proceeding. *Farina v. Mission Invest. Trust,* 615 F.2d 1068, 1074–75 & n. 19 (5th Cir.1980); *Federal Deposit Ins. Corp. v. Norwood,* 726 F.Supp. 1073, 1076 (S.D.Tex.1989); *Structural Systems, Inc. v. Sulfaro,* 687

F.Supp. 22, 23 (D.Mass.1988); *see also Heafitz v. Interfirst Bank of Dallas,* 711 F.Supp. 92, 94 (S.D.N.Y.1989) (permitting FDIC to remove an action where it served as a receiver for a depository institution, but was not substituted as a party). Because the FDIC was a successor in interest to the failed depository institution that was named as defendant, formal substitution was previously not necessary as a prerequisite to removal. *McCarthy Western Constructors, Inc. v. Phoenix Resort Corp.,* 951 F.2d 1137, 1142 (9th Cir.1991).

Additionally, the thirty-day limitation on removal contained in section 1446 was superimposed on the FDIC removal provision. *Mountain Ridge State Bank v. Investor Funding Corp.,* 763 F.Supp. 1282, 1290 (D.N.J.1991). Furthermore, it was unclear whether the clock of removal began ticking upon FDIC appointment as receiver or FDIC intervention. The Fifth Circuit's rule ran from intervention and not appointment. *Federal Deposit Ins. Corp. v. Loyd,* 955 F.2d 316, 330 (5th Cir.1992); *see also Diaz v. McAllen State Bank,* 975 F.2d 1145, 1147–48 n. 2 (5th Cir.1992). Other courts found that the time began to run when the FDIC was appointed receiver. *Structural Systems,* 687 F.Supp. at 23. A District Court for the District of New Jersey ruled that the thirty-day period began to run when, after its appointment, the FDIC received service of process or was otherwise advised of its removal prerogative. *Mountain Ridge State Bank,* 763 F.Supp. at 1290–91. The subsequent amendment to section 1819(b)(2)(B) obviates

---

**4.** Twelve U.S.C. § 1819(b)(2)(A) recites the general federal court jurisdiction applicable to FDIC-related suits:

> Except as provided in subparagraph (D), all suits of a civil nature at common law or in equity to which the Corporation, in any capacity, is a party shall be deemed to arise under the laws of the United States.
> 12 U.S.C. § 1819(b)(2)(A) (1989).

**5.** Section 1819(b)(2)(D) and (E) define the exception:

> (D) State actions
> Except as provided in subparagraph (E), any action—
> (i) to which the Corporation, in the Corporation's capacity as receiver of a State insured depository institution by the exclusive appointment by State authorities, is a party other than as a plaintiff;

> (ii) which involves only the pre-closing rights against the State insured depository institution, or obligations owing to, depositors, creditors, or stockholders by the State insured depository institution; and
> (iii) in which only the interpretation of the law of such State is necessary,
> shall not be deemed to arise under the laws of the United States.
> (E) Rule of Construction
> Subparagraph (D) shall not be construed as limiting the right of the Corporation to invoke the jurisdiction of any United States district court in any action described in such subparagraph if the institution of which the Corporation has been appointed receiver could have invoked the jurisdiction of such court.
> 12 U.S.C. § 1819(b)(2)(D) and (E) (1989).

For a party to meet the exception to federal jurisdiction under section 1819(b)(2)(D), it must establish all three elements provided therein.

this Court's need to choose the best approach.

### b. *The 1991 Amendment to Section 1819(b)(2)(B)*

■ Section 1819(b)(2)(B) was amended in 1991 and now states:

> Except as provided in subparagraph (D), the Corporation may, without bond or security, remove any action, suit, or proceeding from a State court to the appropriate United States district court before the end of the 90–day period beginning on the date the action, suit or proceeding is filed against the Corporation or the Corporation is substituted as a party.

12 U.S.C. § 1819(b)(2)(B) (1993 Supp.).[6]

This amendment precipitated three significant changes. First, the FDIC must remove within ninety days. *Diaz*, 975 F.2d at 1147–48; *NCNB Texas Nat'l Bank v. P & R Invest. No. 6*, 962 F.2d 518, 519 (5th Cir. 1992).

Second, the Fifth Circuit has found that this period runs from the day the FDIC is substituted as a party. *Diaz*, 975 F.2d at 1147–48. This ruling was based on section 1819(b)(2)(B)'s "clear" language that "on the date ... the Corporation is substituted as a party." This appears to be a sound rule built on common sense and a straightforward reading of the amended statute.[7]

■ Its application in this case is more complicated, however, and leads the Court to the third substantial change resulting from the amendment. The Court observes that the FDIC removed this case to federal court before its substitution as a party. As previously stated, this was accepted practice under the traditional approach.

The language of the amended statute, however, suggests that removal cannot occur until the FDIC has been named or substituted as a party in state court. An alternative reading would find that the rule simply does not apply, in which case the Court would apply section 1446 as it would under the old removal provision. But the FDIC would run into another jurisdictional problem under this alternative reading—it would be barred from removing as having exceeded the thirty-day rule applicable under section 1446.

In *McCarthy*, 951 F.2d 1137, the Ninth Circuit ruled that, under 12 U.S.C. § 1441a(*l*)(3), the district court lacked removal jurisdiction in circumstances analogous to the ones encountered here. More specifically, the plaintiff in *McCarthy* filed suit against a wholly owned, subsidiary corporation of a federally insured, thrift association. *Id.* at 1138–39. The Resolution Trust Corporation ("RTC") was subsequently appointed conservator for the association after it failed. In its capacity as conservator for the failed thrift institution, the RTC filed a motion to remove and intervene. *Id.* at 1139. In ruling that the RTC cannot remove without first joining the state proceeding, the *McCarthy* Court interpreted a statute similar to the one currently before this Court. *Id.* at 1140. More specifically, section 1441a(*l*)(3) controls removal and remand for civil actions involving the RTC:

---

**6.** In its current application, the FDIC alleged jurisdiction under section 1819(b)(2)(B) and (D) and 28 U.S.C. 1441(a)–(b).

The general removal statute states in pertinent part:

(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(a)–(b) (1989 and 1993 Supp.).

**7.** The FDIC's removal would have been timely under a date of appointment rule. For example, if the ninety days ran from the day the FDIC were named as receiver, the FDIC could properly remove because it was named receiver on October 2, 1992 and removed on December 4, 1992.

The Corporation may, without bond or security, remove any such action, suit, or proceeding.... The removal of any action, suit, or proceeding shall be instituted—

    (A) not later than 90 days after the date the Corporation is substituted as a party, or

    (B) not later than 30 days after the date suit is filed against the Corporation, if such suit is filed after August 9, 1989.

12 U.S.C. § 1441a(*l*)(3) (Supp.1991).

Accordingly, the *McCarthy* court ruled that "[t]he express language of this statute authorizes federal court jurisdiction only where the RTC is a party to the litigation it seeks to remove." [8]

Like the statute interpreted in *McCarthy*, the current version of 1819(b)(2)(B) employs the "is substituted as a party" nomenclature. The 1991 amendment's legislative history makes clear that this similarity is no coincidence. Indeed, the legislative history for the 1991 amendment to section 1819(b)(2)(B) provides as follows:

> Sec. 161. Technical Corrections and Clarifications
>
> (d) *FDIC Removal Period Made Consistent with RTC Period*—Section 9(b)(2)(B) of the Federal Deposit Insurance Act (12 U.S.C. § 1819(b)(2)(B)) is amended by inserting 'before the end of the 90–day period beginning on the date the action, suit, or proceeding is filed against the Corporation or the Corporation is substituted as a party' before the period.

H.R.Conf.Rep. No. 407, 102nd Cong., 1st Sess. (1991), U.S. Code Cong. & Admin.News 1991, 1901, 1964 (emphasis added).

Based on the foregoing, it is clear that section 1819(b)(2)(B) now requires substitution in the state proceedings before removal.

The FDIC urges two solutions to solve the infirmity underlying its current application. More specifically, it suggests that the Court should grant *nunc pro tunc* substitution or find substitution in the state proceeding as a matter of state law under N.J.Ct.R. 4:34–3.

If this Court were to grant *nunc pro tunc* substitution, it would elevate form over substance. More critically, the Court would effectively undermine the rule it is obligated to apply.[9]

As for N.J.Ct.R. 4:34–3, this section covers "transfer of interest" and permits the original party to continue an action after a transfer of interest unless the court directs the transferee to be substituted for or joined with the original party.[10] No such motion was made. Neither this nor any other section brought to the Court's attention establishes that the FDIC was substituted as a matter of law in the state proceeding.

The FDIC was not substituted as a party in the state action.

#### c. Retroactive Application of the 1991 Amendment

■ Moreover, the amendment applies retroactively. The well-established rule provides that "a court is to apply the law in

---

8. The *McCarthy* court distinguished the approach taken by courts before the 1991 amendment to section 1819(b)(2)(B) by noting that the FDIC was a successor in interest to a failed institution, whereas the RTC was not. *Id.* at 1142. Because the FDIC was a successor to all of the failed institution's interests, formal substitution in the state proceedings could be overlooked. It is this Court's belief that another, more significant distinction exists. Section 1441a(*l*)(3) employs the phrase "after the [RTC] is substituted as a party," whereas the pre–1991 amendment to section 1819(b)(2)(B) does not.

9. The Court also realizes that the result commanded by section 1819(b)(2)(B) also elevates form over substance. But, this Court is equally cognizant of the change in FIRREA's removal statute. Congress's mandate is clear; under the

new statute, the FDIC must get involved in the state proceedings before removal. Any of the accompanying "needless waste of resources"—in the Ninth Circuit's words—results "solely from the failure by the FDIC to remove properly" within the meaning of section 1819(b)(2)(B). *McCarthy*, 951 F.2d at 1143.

10. N.J.Crt Rule 4:34–3 is the state law analogue of Rule 25(c) of the Federal Rules of Civil Procedure. Rule 25(c) states in pertinent part:

> In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party.

effect at the time · it renders its decision, unless doing so would result in manifest injustice or there is statutory direction or legislative history to the contrary." *Bradley v. School Bd. of Richmond,* 416 U.S. 696, 711, 94 S.Ct. 2006, 2016, 40 L.Ed.2d 476 (1974); *see also Bonjorno v. Kaiser Aluminum & Chemical Corp.,* 865 F.2d 566, 572–76 (3d Cir.1989) (applying *Bradley* to determine retroactive application of a statute).

The legislation has not provided instruction on this retroactive application issue. As a result, the *Bradley* presumption controls, and this Court must determine whether its imposition would produce a manifest injustice. More specifically, the *Bradley* Court announced a three-part test to guide this manifest injustice determination: "[1] the nature and identity of the parties, [2] the nature of their rights, and [3] the nature of the impact of the change in law upon these rights." *Bradley,* 416 U.S. at 717, 94 S.Ct. at 2019.

■ Under the first prong, in cases involving private parties and private rights, the Courts will "struggle hard" against a retroactive interpretation; in cases of public importance, however, the Court should decide according to existing law. *Bonjorno,* 865 F.2d at 575 (citing *United States v. The Schooner Peggy,* 5 U.S. (1 Cranch) 103, 110, 2 L.Ed. 49 (1801)). Because the FDIC is an agency of the federal government pursuant to national banking laws, this factor weighs in favor of section 1819(b)(2)(B)'s retroactive application.

The second prong measures whether the parties' right has matured or become unconditional. *Bradley,* 416 U.S. at 720, 94 S.Ct. at 2020. The third part of the *Bradley* test seeks to determine whether retroactive application will impose new and unanticipated obligations on a party without opportunity to be heard. *Id.,* 416 U.S. at 720–21, 94 S.Ct. at 2021.

This case was filed before the 1991 amendment. More significantly, however, the

FDIC did not become receiver until October 1992 and did not seek removal until December of 1992. Both of these events occurred well after enactment of the latest version of section 1819(b)(2)(B). As a result, the FDIC cannot argue that its right to remove had somehow matured or that the law imposed a new obligation upon it. The Court finds application of this rule especially appropriate here because the FDIC designation as receiver and its motion to remove post-dated the amendment.

The Court observes that the only Court of Appeals to face this issue ruled that section 1819(b)(2)(B) is a procedural rule that applies retroactively. *NCNB Texas Nat'l Bank,* 962 F.2d at 519; *see also Diaz,* 975 F.2d at 1147–48 n. 2 (citing *NCNB Texas Nat'l Bank* with approval). Moreover, the Eleventh Circuit had made a similar ruling when faced with retroactive application of FIRREA's amendment to section 1819(b)(2). *Federal Deposit Ins. Corp. v. 232, Inc.,* 920 F.2d 815, 818–19 (11th Cir.1991).[11]

### 3. Remand

■ Despite the Court's finding that the matter was improperly removed under the amended statute, this Court lacks the power to remand. Twenty-eight U.S.C. § 1447(c)[12] allows the Court thirty days to remand a case for a procedural defect from the date of removal.

In the instant case, the new version of section 1819(b)(2)(B) has superseded the applicability of sections 1446 to FDIC removal under FIRREA. But, the district court continues to be bound by section 1447's thirty-day limitation on motions to remand.

While this is a case of first impression in this jurisdiction, Fifth Circuit precedent exists to guide this Court. In *Federal Deposit Ins. Corp. v. Loyd,* 955 F.2d 316 (5th Cir. 1992), the district court had remanded an FDIC case because the FDIC's removal ex-

---

**11.** Signed into law in 1989, section 209 of FIRREA amended 12 U.S.C. § 1819.

**12.** Section 1447 explains in pertinent part:
A motion to remand the case on the basis of any defect in removal procedure must be made

within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.
28 U.S.C. § 1447(c) (Supp.1992).

ceeded the thirty-day limitation period then applicable. By so remanding, the district court ran afoul of thirty-day limit that section 1447(c) imposes on motions to remand. *See also Diaz,* 975 F.2d at 1148 (finding that, even if the FDIC's removal had been untimely, section 1447(c) would apply to prevent the district court from remanding more than thirty days after removal).

The timeliness issue in *Loyd* was quintessentially procedural. The failure to substitute issue is also procedural. After thirty days from removal, the district court can only remand for improper subject matter jurisdiction as delineated in section 1819(b)(2)(D).

The Third Circuit applies section 1447(c) to *sua sponte* motions to remand as well. *Air-Shields, Inc. v. Fullam,* 891 F.2d 63, 64 (3d Cir.1989); *see also, Diaz,* 975 F.2d at 1148; *Loyd,* 955 F.2d at 320. For these reasons, the Court shall not remand this action for procedurally improper removal.

### 4. Substitution

Although unwilling to do so *nunc pro tunc,* this Court has the power under Rule 25(c) to substitute the FDIC for Howard. The FDIC has succeeded to all rights, titles, powers and privileges of Howard. 12 U.S.C. § 1821(d)(2)(A)(i).[13] Because of this, Howard is aptly characterized as a legal fiction without assets or liabilities. Under these circumstances, the Court will grant the FDIC's motion for substitution. *Bank of New England, N.A. v. Callahan,* 758 F.Supp. 61, 62 (D.N.H.1991); *Everett N. Dobson & Sons v. Dictar Assoc. II,* 764 F.Supp. 1, 1 (D.Me. 1991).

### 5. Stay or Dismissal

The FDIC seeks one of two remedies: a stay of 180 days from the date plaintiff files a claim with the FDIC or a dismissal without prejudice to refile pending completion of the FDIC claim review process.

The Court begins its analysis of the FDIC's request with a thumbnail sketch of the FIRREA claims process provided in 12 U.S.C. § 1821(d).[14] Congress's enactment of FIRREA in 1989 produced the most sweeping thrift reform law in United State's history. *Praxis Properties, Inc. v. Colonial Sav. Bank, S.L.A.,* 947 F.2d 49, 62 (3d Cir.1991). FIRREA's principal hallmark was the creation of a comprehensive system for handling claims against failed depository institutions as a prerequisite to district court jurisdiction.

More specifically, under 12 U.S.C. § 1821(d)(3), the FDIC[15] must give mailed notice to all known creditors of Howard and publication notice to all others establishing a date of not less than ninety days for receipt of claims for these creditors to assert their claims against the institution's assets. Twelve U.S.C. § 1821(d)(5)(C) bars payment on those claims filed beyond this date fixed by FDIC notice.

Upon receipt of a claim, the FDIC then has 180 days from the filing of the claim to determine whether to allow or disallow the claim. 12 U.S.C. § 1821(d)(5)(A), (B) & (D). If the claim is denied or not acted upon within the allotted time, the Estate has sixty days to do one of three things: (1) seek administrative review of the claim; (2) file suit on the claim in this Court or the District Court for the District of Columbia; or (3) continue a judicial action commenced prior to the appointment of a receiver. 12 U.S.C.

---

**13.** This subsection describes the rights to which the FDIC succeeds:

[A]ll rights, titles, powers, and privileges of the insured depository institution, and of any stockholder, member, accountholder, depositor, officer, or director of such institution with respect to the institution and the assets of the institution.

12 U.S.C. § 1821(d)(2)(A)(i) (1989).

**14.** Because of the length of this section, the Court will not reproduce it here.

**15.** The Court notes at this point that FIRREA employs the term "Corporation," which may refer either to the FDIC or the RTC, as defined in 12 U.S.C. § 1441a(b)(1), (3) (Supp.1991). Moreover, 12 U.S.C. § 1441a(b)(4) authorizes the RTC to "have the same powers and rights to carry out its duties ... as the [FDIC] has under ... §§ 1821(d)." *Z & S Realty Co. v. Resolution Trust Corp.,* 811 F.Supp. 251 (S.D.Tex.1992).

FIRREA and its interpretive case law treat the RTC and FDIC identically. *See, e.g., Praxis Properties,* 947 F.2d at 62 n. 11, This Court will do the same.

§ 1821(d)(6)(A). Any claim properly brought to this Court shall be reviewed *de novo. Praxis Properties,* 947 F.2d at 63. If the Estate fails to pursue one of the aforementioned avenues within the allotted time, the FDIC's determination becomes final. 12 U.S.C. § 1821(d)(6)(B).

The filing of this claim with the FDIC represents the start date for any statute of limitations that may apply to an action pending during the FDIC's appointment. 12 U.S.C. § 1821(d)(5)(F).

### a. The General Jurisdictional Bar Rule

FIRREA limits the Estate's ability to circumvent this claims procedure. Most notably, 12 U.S.C. § 1821(d)(13)(D) provides a "limitation on judicial review" for failure to comply with the claims procedure:

> Except as otherwise provided in this subsection, no court shall have jurisdiction over—
>
> (i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the Corporation has been appointed receiver, including assets which the Corporation may acquire from itself as such receiver; or
>
> (ii) any claim relating to any act or omission of such institution or the Corporation as receiver.

12 U.S.C. § 1821(d)(13)(D) (1989).

The Court's analysis of the bar rule's applicability to this case begins with this provision.

■ FIRREA's administrative claims procedure is exclusive. *Federal Deposit Ins. Corp. v. Shain, Schaffer & Rafanello,* 944 F.2d 129, 132 (3d Cir.1991). Accordingly, the Third Circuit has stated as a general rule that "Congress expressly withdrew jurisdiction from all courts over any claim to a failed bank's assets that are made outside the procedure set forth in section 1821." *Id.* at 132 (citing 12 U.S.C. §§ 1821(d)(6) and 1821(d)(13)(D)). While FIRREA does not explicitly mandate exhaustion of administrative remedies, FIRREA's language and the accompanying congressional intent make this requirement "clear." *Meliezer v. Resolution Trust Co.,* 952 F.2d 879, 882 (5th Cir.1992).

■ If the FDIC has been appointed prior to the initiation of suit, this exhaustion requirement applies to bar the claimant's suit. *Praxis Properties,* 947 F.2d at 63; *Rosa v. Resolution Trust Corp.,* 938 F.2d 383, 392–93 (3d Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 582, 116 L.Ed.2d 608 (1991). This bar rule is considered part of the Court's subject matter jurisdiction. *Praxis Properties,* 947 F.2d at 63; *Decrosta v. Red Carpet Inns, Int'l, Inc.,* 767 F.Supp. 694 (E.D.Pa.1991); *see also Circle Industries, Div. of Nastasi–White, Inc. v. City Fed'l Sav. Bank,* 931 F.2d 7 (2d Cir.1991). As a result, the Court should dismiss a post-receivership suit for lack of subject matter jurisdiction because it seeks to by-pass FIRREA's administrative claim scheme.

The bar rule applies to claims for payment from assets of the failed institution, actions for payment from those assets and actions for determination of rights with respect to those assets. *Rosa,* 938 F.2d at 393. Claims for injunctive relief may not be subject to the bar rule if "the claims are not susceptible of resolution through the claims procedure." *Id.* at 394. The Estate seeks an order for turn-over of funds and injunctive restraints against the FDIC's use of the accounts. Both of these grounds for relief involve the assets of the failed institution. Accordingly, the Estate's claim is the type ordinarily subject to the bar rule.

### b. Application of the Bar Rule to Pre-receivership Claims

■ The Court faces a pre-receivership suit in the instant case, however. The Third Circuit has suggested in dictum that, where suit was filed before a depository institution entered receivership, a federal court might not be divested of jurisdiction for the claimant's failure to follow FIRREA's administrative claims procedures. *Praxis Properties,* 947 F.2d at 63 n. 14; *see contra New Maine Nat'l Bank v. Reef,* 765 F.Supp. 763, 766 (D.Me.1991) (finding no distinction between pre- and post-receivership suits).

There are two bases for this distinction. First, a federal court reviews subject matter jurisdiction as of the time of the complaint's filing. *Rosa*, 938 F.2d at 392, n. 12. Second, while section 1821(d)(13)(D) states the general rule that primary jurisdiction lay with the FDIC, section 1821(d)(5)(F)(ii) provides a potential exception: "Subject to paragraph (12), the filing of a claim with the receiver shall not prejudice any right of the claimant to continue any action which was filed before the appointment of the receiver."

It is more appropriate for the district court to stay these pre-receivership suits. Section 1821(d)(12) provides a ninety-day stay.[16] Several courts have also inferred the power to issue a 180–day stay from 12 U.S.C. § 1821(d)(3)–(8) and (13).[17] *Praxis Properties*, 947 F.2d at 64 n. 14. While the *Praxis Properties* Court expressed no position on the propriety of the 180–day stay, it noted that the existence of the inferred 180–day stay does not emasculate the express 90–day stay provision. The FDIC could invoke the 90–day stay and could not invoke the 180–day stay when the FDIC takes control of a depository institution who is a plaintiff in pending litigation and when the FDIC is appointed conservator of a bridge institution rather than a failed thrift.

With these Third Circuit intimations in mind, this Court turns to the First Circuit for persuasive instruction. More specifically, in the consolidated appeal of *Marquis v. Fed'l Deposit Ins. Corp.*, 965 F.2d 1148 (1st Cir.1992), plaintiffs sought money damages from an FDIC-insured financial institution for alleged breach of contract, breach of fiduciary duty and misrepresentation in connection with a mortgage transaction. *Id.* at 1150. The financial institution became insolvent, the FDIC was appointed receiver and the action was removed to federal court.

Upon perfection of removal, the FDIC brought a motion to dismiss based on lack of subject matter jurisdiction for failure to comply with FIRREA's administrative claims mechanisms prior to suit. The District Court denied the motion to dismiss, but stayed the proceedings pending disposition through the claims procedure. *Id.* at 1150–51.

The Court of Appeals addressed the precise question before this Court: whether the federal courts retain subject matter jurisdiction over actions pending against failed depository institutions when the FDIC is appointed as receiver. *Id.* at 1151. The First Circuit answered this question in the affirmative based on "four powerful indicators of FIRREA's meaning—the structure of the Act, its language, the underlying legislative intent, and common sense." *Id.* at 1154. The conclusive blow—or "sockdolager" as employed by the *Marquis* Court—is provided by the "otherwise provided in this subsection" reference in section 1821(d)(13)(D). This reference serves to incorporate subsections such as (d)(5)(F)(ii), (d)(8)(E)(ii)[18] and (d)(12) that show "Congress's discernible intent" to preserve jurisdiction over pre-receivership civil actions continued after FDIC appointment. *Id.* at 1153.

The *Marquis* Court found that this result also comports with the congressional objective in facilitating the smooth and efficient take over and rehabilitation of failed depository institutions. *Id.* at 1154. A construction of FIRREA as requiring dismissal of both pre- and post-receivership claims would frustrate this congressional mandate by dismissing cases which could be substantially underway and would only return to the Court

16. More specifically, subsection (d)(12)(A) provides:
    After appointment of a conservator or receiver for an insured depositary institution, the conservator or receiver may request a stay for a period not to exceed—
    (i) 45 days, in the case of any conservator; and
    (ii) 90 days, in the case of any receiver, in any judicial action or proceeding to which such institution is or becomes a party.
    12 U.S.C. § 1821(d)(12)(A) (1989).

17. These provisions describe various aspects of the claims procedure.

18. This subsection describes the legal effect that expedited filing has on other actions:
    Subject to paragraph (12), the filing of a claim with the receiver shall not prejudice any right of the claimant *to continue any action* which was *filed before the appointment* of the receiver.
    12 U.S.C. § 1821(d)(8)(E)(ii) (1989) (emphasis added).

anew after the claims procedure was completed.

The First Circuit also noted that section 1821(d)(12) does not limit the duration of stays under FIRREA. *Id.* at 1154.

A District Court for the Eastern District of Louisiana reached a similar result in finding that a pre-receivership suit should not be dismissed for lack of subject matter jurisdiction. *Resolution Trust Corp. v. Cotten,* 790 F.Supp. 649, 650 (E.D.La.1992). The *Cotten* Court found that dismissal of pre-receivership suits for failure to pursue the claims procedure would effectively eliminate those portions of the statute that refer to continuation of the action after appointment of receiver. In addition, this dismissal would be inefficient because it would only result in a new suit minus whatever progress inured in the dismissed action. It should also be noted that the Court entered a 180–day stay.

This Court shall do the same. Accordingly, the Court rejects the authority from the District of Maine provided by the FDIC dismissing pre-receivership suits continued after receivership appointment for failure to exhaust. *See, e.g., New Maine Nat'l Bank,* 765 F.Supp. at 777.

There is certainly good cause here to allow FIRREA's claims scheme to operate before this action continues. As a result, this Court will stay this litigation pending the shorter of either the completion of the administrative claims process or 180 days as measured from the FDIC's issuance of notice.

### CONCLUSION

For the reasons provided, this Court will deny the FDIC's motion to dismiss and grant a stay for 180 days as measured from the distribution of the FDIC's notice.